Mr. Justice Smith
delivered the opinion of the court.
The promissory note of Henry Ledbetter to Conway Oldham bearing date the 18th day of February, 1828, and payable on the 1st of January, 1830, was, on the 11th day of May, for a valuable consideration, assigned by the said Oldham to Wm. B. Cocke. An action of assumpsit on said note in the name of Oldham, for the use of Cocke the appellant, was brought to the April term of 1830 in the Jefferson circuit court. To this action defendant pleaded the general issue, and by agreement of counsel was au-thorised to avail himself of any ground of defence which would form the legal and appropriate subject of a special plea. The defence set up by the defendant under this agreement, went to a discharge or payment of a part of the plaintiff’s demand. The bill of exceptions tendered to the court by plaintiff’s counsel discloses the state of facts upon which the defendant rested his de-fence. These appear to be as follows: After the assignment of the note declared on, and before it became due, three several processes in attachment were sued out against the effects of Oldham, the payee of the note, as a non resident debtor, and process of garnishment in each of these cases was levied on Ledbetter, the defendant in this suit, as the debtor of said Oldham. The plaintiffs in attachment having proceeded to final judgment against Oldham, obtained judgments also against the garnishee, and executions were awarded thereon. The judgments thus rendered against the garnishee were finally satisfied by him on the 24th day of September, 1830.
It is not pretended that Ledbetter had notice otherwise than by the proceedings in this cause; and the recoveries here recited, with the satisfaction had thereon, having been presented to the jury in support of defendant’s ground of defence, the court was asked by the plaintiff’s counsel to instruct the jury, That if they believe from this evidence that these attachments had issued after the transfer of the note and before it became due; and that the de *46 fendant had notice, in the manner above mentioned, of such transfer before final satisfaction of the said executions; which, after payment or satisfaction was in defendant’s own wrong, and that the plaintiff was entitled to recover the full amount of his note.
And also, that the judgments and executions in the attachment cases, and even satisfaction thereof after notice of transfer, constituted no valid plea in bar in the absence of proof that the several plaintiffs in the attachment cases had given bond, conditioned as required by the 26th section of the law of attachments of this state: which instruction the court refused to give; and a verdict having been found for the plaintiff only in the amount of the excess of the note above the aggregate sum of the executions in the attachment cases, he has removed his cause ■ into this court of appeal.
To ascertain whether the court below erred in refusing the instruction asked for, it will be necessary to inquire, 1st, Whether, under the state of facts here detailed, the debt due from Led-better could be subjected to the demands of the creditors of Old-ham by virtue of the process of attachment?
By the statute law of this state, (page 464, sec. 9,) promissory jilotes may be assigned by endorsement, though the same be not •; made payable to order; and by the principles of the common law, / they are transferable by bare delivery. In either case there has ■" operated a complete divestment of all right to the contents of the note, and of all authority to control their appropriation on the part of the payee. \ In the one case, the assignee is clothed with authority to sue in his own name; in the other, the transferee is empowered to use the name of the payee to consummate his equitable interest by a collection of the money.
The service of garnishment will not after transfer, though without notice, subject the debt due by the maker to the demand of the attaching creditor; for, as by assignment or delivery, the party into whose hands the note may come is instan ter vested with an absolute right to control its contents, the payer from that moment becomes the debtor of the holder, and responsible to him alone. The process of attachment cannot restore a relation which has ceased to exist, or appropriate rights of one individual to a discharge of the obligations of another. If this position should re *47 quire aid from authority, a decision of the supreme court, Walker’s Reports, 389, made in reference to the existing laws on this subject, will be found fully to sustain it. 2d, The record furnishes no evidence of notice of transfer or assignment anterior to the confession of the garnishees, and it is contended by counsel that the answer of the garnishee, before notice, will preclude the assignee. This position is unsustained by direct authority, and is in violation of principle. We have seen, that by assignment for a valuable consideration, the payee or endorsee is divested of all right to and all control over the note assigned. Against what then can the attachment operate in the hands of the garnishee? The relation of creditor and debtor has ceased as between the defendant in attachment and the maker in the, note. It is true, that by the statute above referred to, the anti-commercial principle is established, that payment after assignment and before notice, will be a good defence in the subsequent action of the endorsee or holder upon the note. But this provision of the notice cannot be so construed as to embrace the case of a garnishee who has not, before' notice, satisfied the judgment against him.
The garnishee is regarded by the law, somewhat in the light of a trustee, and as such is bound to protect, by legal and appropriate' steps, the rights of all parties to the goods or credits attached in * his hands; and if after notice, though execution may have been awarded against him, he shall satisfy the judgment, it will be in his own wrong and constitutes no valid defence to the claim of the assignee. This position is fully sustained by an authority in I Washington’s Circuit Court Rep., 425; and in 4 Greenleaf’s Rep., 435, it was held that a trustee’s judgment is no protection to the trustee against the claims of the person whose effects or credit were in his hands, unless it has been satisfied. The decision of the court in the case of Prescott v. Hull, 17 Johnson’s Rep., 290, is in accordance with these authorities, except, perhaps, it may be inferred that the court would have en- . forced the rights of an assignee who had only an equitable interest in the contents of the note against the maker, even after a garnishee judgment and satisfaction thereof. The plaintiff here having notice by the proceedings in the case of the assignment of this note, could have protected himself against the execution of the *48 attaching creditor by a bill of interpleader. And as he did not choose to resort to a court of equity to shield him from the demand of the attaching creditor, he must abide the consequences of his own act. 3d, It is incumbent on the garnishee, in a foreign attachment, after execution and before sale, to see that the attaching creditor has given bond, with surety, conditioned as required by the 26th section of the attaching law, in order to protect himself against the demands of the person whose effects and credits have been attached in his hands. It is contended that the legitimate construction of the law above referred to would include this and all similar cases from its operation. The language, abstracted from the intention of the legislature, may well be made to bear such interpretation; but I doubt if, upon a careful review of the subject and object of this act, any one would be found disposed to restrict it to cases where only chattels capable of sale are attached in the hands of a garnishee.
The object of the legislature in requiring, after execution and before sales, surety to be found by the plaintiff in attachment, “ that if the defendant, by himself or attorney, shall come into court and disprove or avoid the debt recovered against him by the plaintiff, or shall discharge the same with costs, that then the plaintiff shall restore to the defendant the goods and chattels, lands and tenements, or the value thereof, by the plaintiff attached and condemned, or so much thereof as shall be disproved or discharged,” was manifestly intended to protect the absent debtor from fraudulent and unfounded demands. Debts due to the defendant in attachment, though a chattel interest and forming a species of property, are not objects of sale. An attachment being a proceeding in rem, operates by a levy, an assignment in law, of choses in action and a transfer of chattels and lands to the creditor.
A sale of chattels attached which by law have been transferred to the plaintiff, is made not for the purpose of changing the ownership, but to ascertain their value. There could then be no better reason advanced to require bond of an attaching creditor before sale of goods than in the case of the payment of money on judgment of garnishee. Nor can there be a distinction founded in good sense in reference to the defendant in attachment, which for *49 his security, would make it necessary in the former case to require bond; but not in the latter. I think, then, that there is no reasonable ground to doubt that the legislature intended, in all cases where either chattels or lands are to be sold or money to be paid by garnishee, bond with security should be required by the attaching creditor. This interpretation of our attachment law is powerfully sustained by the coincident construction given to a law (Sergeant on Attachments, 186) identical in this respect with our own, by the judicial tribunals ,of Pennsylvania. See Sergeant on Att., 32, 108, 151; 1 Binney, 25.
The garnishee standing in the relation of trustee to the defendant after service of garnishment, is bound to see that the requisites of the law are complied with. It results, therefore, as a necessary consequence, that unless bond is given as before pointed out, a payment or satisfaction of the judgment by the garnishee must be in his own wrong, and he will be bound to the defendant or his assignee.
Having investigated these points, I am clear in the opinion that the court below erred in refusing the instruction asked for.
The judgment, therefore, will be reversed, cause remanded, and venire facias de novo awarded.